

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

RECEIVED
OCT 09 2019
AT 8:30_____M
WILLIAM T. WALSH
CLERK

970 Broad Street
Newark, New Jersey 07102

(973) 297-2020

June 27, 2019

John Yauch, Esq.
Federal Public Defender's Office
1002 Broad Street
Newark, New Jersey 07102

Re: <u>Plea Agreement with Luis Aponte</u>

Dear Mr. Yauch:

Cr. 19-736 (PGS)

This letter sets forth the plea agreement between your client, Luis Aponte, and the United States Attorney for the District of New Jersey ("this Office"). This Office's offer to enter into this plea agreement will expire on July 12, 2019, if a signed copy is not received by this Office on or before that date.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Luis Aponte to a one-count Information, which charges Luis Aponte with knowingly and intentionally conspiring with others to distribute and possess with intent to distribute narcotics, namely 400 grams or more of fentanyl and 1 kilogram or more of heroin, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and a mixture and substance containing a detectable amount of cocaine contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), all in violation of 21 U.S.C. §§ 846. If Luis Aponte enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Luis Aponte for his conspiracy to distribute and possess with intent to distribute narcotics in or around March 2019. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Luis Aponte agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Luis Aponte may be commenced against him, notwithstanding the expiration of the limitations period after Luis Aponte signs the agreement.

Sentencing

The violation of 21 U.S.C. §§ 846 to which Luis Aponte agrees to plead guilty carries a statutory mandatory minimum penalty of 10 years' imprisonment and a statutory maximum penalty of life imprisonment, and a statutory maximum fine equal to the greatest of: (1) $10,000,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Luis Aponte is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Luis Aponte ultimately will receive.

Further, in addition to imposing any other penalty on Luis Aponte, the sentencing judge: (1) will order Luis Aponte to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Luis Aponte to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture pursuant to 18 U.S.C. § 924(d) and 21 U.S.C. § 853; and (4) pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841(b)(1)(A), shall require Luis Aponte to serve a term of supervised release of at least 5 years, which will begin at the expiration of any term of imprisonment imposed. Should Luis Aponte be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Luis Aponte may be sentenced to not more than 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Additionally, if at the time of sentencing the United States is satisfied that the five enumerated characteristics set forth in 18 U.S.C. § 3553(f)(1)-(5) apply to Luis Aponte and his commission of the charged offense, the United States will make such a representation to the sentencing court and

will recommend that the sentencing court impose a sentence pursuant to the applicable Sentencing Guidelines without regard to any statutory minimum sentence.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Luis Aponte by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Luis Aponte's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Luis Aponte agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Luis Aponte from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Luis Aponte waive certain rights to file an appeal, collateral attack, writ, or motion after

sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Luis Aponte agrees that as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, Luis Aponte agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense charged in the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense.

Luis Aponte further consents to the entry of a forfeiture money judgment in the amount representing the proceeds of the offense charged in the Information and the property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses, pursuant to 21 U.S.C. § 853 (the "Money Judgment"). Payment of the Forfeiture Money Judgment shall be made by certified or bank check payable to the United States Marshals Service with the criminal docket number noted on the face of the check. Luis Aponte shall cause said check to be delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

Luis Aponte waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, Luis Aponte consents to the entry of a Consent Judgment of Forfeiture that will be final as to the Luis Aponte prior to Luis Aponte's sentencing. Luis Aponte understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of Luis Aponte's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Luis Aponte hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

Luis Aponte understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Luis Aponte understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Luis Aponte wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Luis Aponte understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Luis Aponte waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Luis Aponte. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Luis Aponte.

No provision of this agreement shall preclude Luis Aponte from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Luis Aponte received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Luis Aponte and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

Craig Carpenito
United States Attorney

By: ANDREW MACURDY
Assistant U.S. Attorney

APPROVED:

MEREDITH WILLIAMS
Chief, OCDETF/Narcotics Unit

- 6 -

I have received this letter from my attorney, John Yauch, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 7-23-19
Luis Aponte


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 7-23-19
John Yauch, Esq.

Plea Agreement With Luis Aponte

Schedule A

1. This Office and Luis Aponte agree to stipulate to the following facts:

    a. In or around March 2019, Luis Aponte conspired with others, to distribute or to possess with the intent to distribute, controlled substances, including fentanyl, heroin, and cocaine;

    b. The offense involved approximately 8,000 grams of fentanyl, a Schedule II controlled substance;

    c. The offense involved approximately 11,000 grams of heroin, a Schedule I controlled substance;

    d. And the offense involved approximately 900 grams of cocaine, a Schedule II controlled substance.

2. If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs